Jurisdiction affirmed by published opinion. Chief Judge GREGORY wrote the opinion, in which Judge HARRIS joined. Judge NIEMEYER wrote a dissenting opinion.
GREGORY, Chief Judge:
Rule 3 of the Federal Rules of Appellate Procedure conditions federal appellate jurisdiction on the filing of a timely notice of appeal. In this case, we hold that a document filed by a pro se litigant as an extension of time to request a certificate of appealability qualifies as the notice of appeal required by Rule 3.
I.
In 2006, Keith Alan Clark, after a jury trial in South Carolina, was found guilty of kidnapping and assault with intent to commit criminal sexual conduct. The trial court sentenced Clark to concurrent sentences of thirty years. After a series of unsuccessful appeals and postconviction procedures in South Carolina courts, Clark filed a pro se petition for writ of habeas corpus in the U.S. District Court for the District of South Carolina pursuant to 28 U.S.C. § 2254. Clark alleged several constitutional violations stemming from his conviction, including, among others, that he received ineffective assistance of counsel in violation of the Sixth Amendment.
In response to Clark’s petition, the state, representing Warden Larry Cart-ledge, filed a motion for summary judgment, which was referred to a magistrate judge. On February 3, 2014, the magistrate judge issued a report and recommendation, recommending that the state’s motion for summary judgment be granted. Clark then timely filed objections to the report and recommendation. On December 4, 2014, the district court issued its judgment and order, overruling Clark’s objections and adopting the magistrate judge’s report and recommendation. In that same order, the district court denied Clark a certificate of appealability, finding that he failed to meet 28 U.S.C. § 2253(c)’s standard for issuance of such a certificate.
On December 18, 2014, Clark, still pro se, filed a motion for extension of time to request a certificate of appealability.[1] The question at heart in this case is whether this motion, filed within the thirty day requirement of Federal Rule of Appellate Procedure 4, is the functional equivalent of *305 a formal notice of appeal demanded by Rule 3. See Becker v. Montgomery, 532 U.S. 757, 765, 121 S.Ct. 1801, 149 L.Ed.2d 983 (2001) (stating that a party seeking appellate review must comply with the “linked jurisdictional provisions” of Rules 3 and 4 of the Rules of Appellate Procedure). If we construe the motion for an extension of time as a notice of appeal, then all events that occurred in the district court after the notice of appeal was filed are of no moment, as a “timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal.” Doe v. Public Citizen, 749 F.3d 246, 258 (4th Cir. 2014).
II.
We review our own jurisdiction de novo and must raise the issue sua sponte. Kporlor v. Holder, 597 F.3d 222, 225 (4th Cir. 2010).
Federal Rule of Appellate Procedure 3(c) dictates that a “notice of appeal must specify the party or parties taking the appeal ...; designate the judgment, order or part thereof being appealed; and name the court to which the appeal is taken.” Fed. R. App. P. 3(c). In addition, the notice of appeal “must specifically indicate the litigant’s intent to seek appellate review ... [to] ensure that the filing provides sufficient notice to other parties and the courts.” Smith v. Barry, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992).
While the requirements of Rule 3 serve important purposes and are mandatory and “jurisdictional in' nature,” Torres v. Oakland Scavenger Co., 487 U.S. 312, 316, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), “functional” rather than formalistic compliance is all that is required, Smith, 502 U.S. at 248, 112 S.Ct. 678. As another subsection of Rule 3 warns, an appeal “must not be dismissed for informality of form or title ..., or for failure to name a party whose intent to appeal is otherwise clear from the notice.” Fed. R. App. P. 3(c)(4). And as the Supreme Court has instructed, “imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court.” Becker, 532 U.S. at 767, 121 S.Ct. 1801.
Courts thus “will liberally construe the requirements of Rule 3,” Smith, 502 U.S. at 248, 112 S.Ct. 678, to permit notices of appeal “technically at variance with the letter of a procedural rule” but that amount to “the functional equivalent of what the rule requires,” Torres, 487 U.S. at 316-17, 108 S.Ct. 2405. We, moreover, have held that the policy of construing notices of appeal liberally applies “especially” to pro se filings. United States v. Garcia, 65 F.3d 17, 19 (4th Cir. 1995). Therefore, as long as the pro se party’s notice of appeal provided the notice required by Rule 3, evinced an intent to appeal an order or judgment of the district court, and the appellee was not prejudiced or misled by the notice, then the notice’s technical deficiencies will not bar appellate jurisdiction. See Jackson v. Lightsey, 775 F.3d 170, 175-76 (4th Cir. 2014) (“Where a challenged notice of appeal has provided adequate notice and caused the complaining party no prejudice, there is no reason to allow a ‘technical impediment ]’ to foreclose appellate review.” (quotation and citations omitted)); Canady v. Crestar Mortg. Corp., 109 F.3d 969, 974-75 (4th Cir. 1997) (finding compliance with Rule 3 in light of adequate notice and lack of prejudice to the appellee); Smith, 502 U.S. at 248, 112 S.Ct. 678 (notice afforded by a document determines the document’s sufficiency as a notice of appeal).
*306 III.
With these principles in mind, we turn to the facts of this case. Clark filed a “Motion for Extension of Time to request for a Certificate of Appealability.” J.A. 621. Clark, represented by counsel on appeal, contends that his motion served as the functional equivalent of a notice of appeal because it specified the party taking the appeal and the order being appealed. Clark further argues that while his motion did not specify the court to which the appeal was being taken, we have allowed appeals where “there is only one possible appellate forum,” even when the party fails to “add the words ‘Fourth Circuit’ to [their] notice of appeal.” Jackson, 775 F.3d at 175-76. We agree.
In that motion, Clark identifies himself as the person who intends to appeal, as well as the order he intends to appeal — the district court’s order denying his objections to the magistrate judge’s report and recommendation. Moreover, Clark’s intent to appeal to this Court “is obvious — the term ‘certificate of appealability’ necessarily refers to an appeal to the relevant court of appeals.” Wells v. Ryker, 591 F.3d 562, 565 (7th Cir. 2010); see also 28 U.S.C. § 2253 (allowing review of a final order “by the court of appeals for the circuit in which the proceeding is held” only if a “circuit justice or judge issues a certificate of appealability”).
The state does not, and cannot, seriously dispute that Clark’s motion complied with Rule 3. In fact, the state conceded during oral argument that Clark’s motion satisfied the notice requirements of Rule 3. Rather, the state argues that Clark’s motion did not convey any intention to appeal at all, and “shows only that he may wish to seek appellate review at some point in the future;” “in other words, [the motion is] speculative.” State’s Br. at 6. We disagree.
To be sure, a motion for an extension of time on its face might not conclusively show subjective certainty about the party’s desire to appeal. “But this view loses sight of the fact that it is ‘the notice afforded by a document, not the litigant’s motivation in filing it, [that] determines the document’s sufficiency as a notice of appeal’ ” Isert v. Ford Motor Co., 461 F.3d 756, 762 (6th Cir. 2006) (quoting Smith, 502 U.S. at 249, 112 S.Ct. 678). Thus Clark’s subjective intent — if it was indeed to only seek appellate review in the future — is irrelevant. The relevant inquiry is whether the “notice of appeal ... specifically indicate^] the litigant’s intent to seek appellate review.” Smith, 502 U.S. at 248, 112 S.Ct. 678.
Here, as already noted, Clark’s motion complied with Rule 3’s notice requirements. Further, Clark, in support of his motion for extension of time states: “[I]n order to properly file for a Certificate of Appealability, [I] request[] an additional fifteen (15) days beyond the current due date.” J.A. 621. The reason for his request? Clark had limited access to the prison law library, which “prevented] him from conducting the necessary legal research to properly file.” Id.
There would be little reason for Clark to request an extension of time to properly file a certificate of appealability if he did not intend to appeal. Under these circumstances, we believe that there could be no genuine doubt that the motion for extension of time indicates Clark’s intent to appeal the district court’s order overruling his objections to the magistrate judge’s report and recommendation, and that motion sufficed to put the state on notice of that intent.[2] And, to require more explicit *307 language from a pro se litigant would turn Smith’s instruction that we liberally construe Rule 3’s requirements on its head. Thus, we conclude that Clark’s motion evinced a desire to appeal.[3]
Remarkably, the dissent contends that our holding today is “unprecedented,” “stretching] the functional equivalency test far beyond its defined bounds.” Dissenting Op. at 308, 309. But the dissent’s contention conveniently ignores precedent in other circuits. In truth, our conclusion today — this “untenable fabrication,” as the dissent would have it, id. at 311 flows naturally from our own precedent, see e.g., Garcia, 65 F.3d at 19 (“[PJleadings under Rule 3 are liberally construed, especially pro se pleadings.”), and is consistent with the holdings of other circuits, see, e.g., Rountree v. Balicki, 640 F.3d 530, 536 (3d Cir. 2011) (“By indicating [, in his motion for extension of time to file for a certificate of appealability, that] he would file for a certificate of appealability, his pro se motion evidenced an intention to appeal, which means it constituted a notice of appeal.” (quotation marks and citation omitted)); Wells, 591 F.3d at 565 (“[T]he motion for extension of time to request a certificate of appealability is an attenuated example of a functional equivalent to a notice of appeal, and probably lies at the outer limit of what motions may suffice under Smith v. Barry. But, we are confident that the appellant’s motion in this case served adequate notice under the Rule.”).
Interestingly, the state cited Bailey v. Cain, 609 F.3d 763 (5th Cir. 2010), for the proposition that a motion for an extension of time to file a certificate of appealability does not qualify as a notice of appeal. Not only is the state’s reliance on that case misplaced, but the holding in Bailey should assuage the state’s concern that our decision today will, in effect, eliminate, undermine, or abolish the Federal Rules of Appellate Procedure. In Bailey, the Fifth Circuit assumed that a motion for an extension of time to file a certificate of ap-pealability could provide adequate notice under Rule 3. Id. at 766. The court, however, concluded that Bailey’s motion came up short; “[o]mitted from Bailey’s motion that was present in Wells is a specific reference to the judgment or order from which appeal was taken.” Id. Because Bailey’s motion did not satisfy two of the three notice requirements of Rule 3, the court held that Bailey’s motion to extend was not a functional equivalent of a notice of appeal. Id. at 767. In other words, noncompliance with Rule 3 was “fatal,” see Smith, 502 U.S. at 248, 112 S.Ct. 678, to Bailey’s appeal.
The result in Bailey illustrates why the state’s doomsday scenario — this Court automatically treating every motion for extension of time as a notice of appeal — will never occur. In order for us to find that a motion for an extension of time is the functional equivalent of a notice of appeal, the litigant’s motion must be timely under *308 Rule 4 and must satisfy the notice requirements of Rule 3. Clark’s motion did just that.
IV.
For the foregoing reasons, we have jurisdiction to consider Clark’s application for a certificate of appealability.
JURISDICTION AFFIRMED

. The district court denied Clark's motion in a text order on December 23, 2014. On January 22, 2015, Clark filed a motion for certificate of appealability with the district court, which the court denied on January 27, 2015. Clark then filed a notice of appeal on February 11, 2015.

. The state does not contend that it will suffer any prejudice if we construed Clark’s motion as a notice of appeal.

. Our jurisdictional inquiry has one more step, and that is Clark’s failure to secure a certificate of appealability, as required by 28 U.S.C. § 2253(c). The district court denied a certificate of appealability, and Clark presented no request for a certificate of appealability to this Court as permitted by Federal Rule of Appellate Procedure 22(b). Having construed Clark's motion for an extension of time to request a certificate of appealability as a notice of appeal, however, we will also construe it as a request for a certificate of appealability. See Jones v. Braxton, 392 F.3d 683, 689 (4th Cir. 2004) ("Under Federal Rule of Appellate Procedure 22(b), we are required to construe the notice of appeal that Jones filed as an application for a certificate of appeala-bility.”); see also Fed. R. App. P. 22(b)(2) ("If no express request for a certificate [of appeal-ability] is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.”).