**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6163**

MICHAEL AYELE,

       Petitioner - Appellant,

    v.

SPRINGFIELD HOSPITAL CENTER,

       Respondent - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:16-cv-01314-DKC)

Submitted: March 30, 2017                         Decided: April 4, 2017

Before TRAXLER and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Michael Ayele, Appellant Pro Se. Kathleen A. Ellis, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Ayele seeks to appeal the district court's order dismissing his 28 U.S.C. § 2241 (2012) petition. Respondent has moved to dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed. Ayele filed a response to the motion to dismiss. After review of the record and the parties' submissions, we dismiss the appeal.

Parties to a civil action in which the United States or its officer or agency is not a party are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "Lack of notice of the entry does not affect the time for appeal or relieve-or authorize the court to relieve-a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)." Fed. R. Civ. P. 77(d)(2).

Rule 4(a)(6) of the Federal Rules of Appellate Procedure permits the reopening of the appeal period if a party has not received notice of the judgment or order within 21 days after entry, but the motion requesting such relief must be filed within 180 days after entry of the judgment or 14 days after the party received notice of the judgment or order, whichever is earlier. Fed. R. App. P. 4(a)(6). The time requirements of Rule 4(a) are mandatory and jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 208–14 (2007).

The district court's order was entered on the docket on July 14, 2016. Ayele's notice of appeal was received in the district court on December 6, 2016.[*] In his response to the motion to dismiss the appeal, Ayele claims that he received notice of the district court's order "four weeks after [the court] had written [it]." The 14-day period under Rule 4(a)(6), however, expired before Ayele filed his notice of appeal. Thus, Ayele is not eligible for reopening of the appeal period. *See Nunley v. City of Los Angeles*, 52 F.3d 792, 794–95 (9th Cir. 1995); *Hensley v. Chesapeake & Ohio Ry. Co.*, 651 F.2d 226, 228 (4th Cir. 1981).

Accordingly, because Ayele failed to file a timely notice of appeal or to obtain an extension of the appeal period and is not eligible for reopening of the appeal period, we grant Respondent's motion to dismiss the appeal. We deny Ayele's motions to appoint counsel and for communications technologies and a jury trial and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Ayele's notice of appeal-which was unsigned but stated that Ayele was appealing the July 14 order-was received in the district court on December 6, 2016. The district court clerk returned the notice to Ayele without entering it on the docket, and Ayele's signed notice of appeal designating the July 14 order as the order appealed was docketed on February 7, 2017. We conclude that intent to appeal the July 14 order is readily inferable from the December 6 notice, *see Clark v. Cartledge*, 829 F.3d 303, 305 (4th Cir. 2016) (noting that "functional rather than formalistic compliance" with the appeal notice requirements of Fed. R. App. P. 3 "is all that is required" (internal quotation marks omitted)), and rely on it in disposing of this appeal.