**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1591**

LAMAR A. WILLIAMS,

      Plaintiff - Appellant,

      v.

BALTIMORE COUNTY GOVERNMENT; VINCENT J. GARDINA,

      Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, District Judge.  (1:17-cv-00066-JKB)

Submitted:  August 17, 2017                Decided:  August 21, 2017

Before KEENAN, THACKER, and HARRIS, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Lamar A. Williams, Appellant Pro Se. Paul M. Mayhew, Assistant Counsel, BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamar A. Williams appeals the district court's order denying his motion to reconsider its denial of his motion for a preliminary injunction or temporary restraining order. Williams also seeks to appeal the district court's orders denying his motions to further seal documents in his case and to reconsider the denial of this motion.

As a threshold inquiry to any appeal, we are obliged to satisfy ourselves of our appellate jurisdiction. *See Clark v. Cartledge*, 829 F.3d 303, 305 (4th Cir. 2016). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The district court's orders denying Williams' motion to extend the sealing of his case and his motion to reconsider the denial of this motion are neither final orders nor appealable interlocutory or collateral orders. S*ee United States v. Guerrero*, 693 F.3d 990, 995-99 (9th Cir. 2012). The portion of the court's order denying Williams' motion to reconsider its denial of a temporary restraining order is also not an appealable interlocutory order. *See Virginia v. Tenneco, Inc.*, 538 F.2d 1026, 1029-30 (4th Cir. 1976). We therefore dismiss these portions of the appeal for lack of jurisdiction.

A district court's decision denying a preliminary injunction is an appealable interlocutory decision, 28 U.S.C. § 1292(a)(1), and our review is for abuse of discretion, *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 235 (4th Cir. 2014). We also review for abuse of discretion a district court's denial of Fed. R. Civ. P. 59(e) relief. *Wilkins v. Montgomery*, 751 F.3d 214, 220 (4th Cir. 2014); *see Mayfield v. Nat'l*

2

*Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (describing grounds for Rule 59(e) relief). To establish entitlement to a preliminary injunction, Williams must demonstrate that: (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy," to be granted only on a clear showing of entitlement to that relief. *Id.* at 22 (internal quotation marks omitted).

We discern no abuse of discretion in the district court's denial of Williams' motion to reconsider the denial of a preliminary injunction. Our review of the record supports the conclusion that Williams failed to demonstrate a clear likelihood of success on the merits or a clear right to the relief he seeks. *Id.* at 20, 22. We therefore affirm the district court's denial of Williams' motion to reconsider the denial of preliminary injunctive relief.

Accordingly, we dismiss the appeal in part for lack of jurisdiction, insofar as it challenges the denial of Williams' motions to extend sealing, to reconsider that denial, and to reconsider the denial of a temporary restraining order. We affirm the district court's decision to deny reconsideration of its denial of a preliminary injunction. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*
