**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1637**

WILLIAM R. LINS,

        Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge.  (1:17-cv-02163-ELH)

Submitted:  April 12, 2019                        Decided:  May 13, 2019

Before GREGORY, Chief Judge, and KEENAN and THACKER, Circuit Judges.

Dismissed and remanded with instructions by unpublished per curiam opinion.

Emily C. Malarkey, BEKMAN, MARDER & ADKINS, LLC, Baltimore, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Roann Nichols, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William R. Lins appeals from the district court's order dismissing his complaint without prejudice for lack of subject matter jurisdiction. On appeal, we requested supplemental briefing regarding this court's jurisdiction. Although the parties conclude that the district court's dismissal without prejudice was a final, appealable order, we disagree. Finding that the district court's order is interlocutory, we dismiss the appeal.

In his complaint, Lins alleged negligent supervision/retention, in violation of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80 (2012) (FTCA), and medical malpractice. His claims arose out of an alleged sexual relationship with his therapist, who worked for the Baltimore Veterans Association Medical Center. The district court granted the Government's motion to dismiss.

The district court found that, in general, Lins' negligent supervision/retention claim was barred by the discretionary function exception. However, the court recognized the possibility that the claim could succeed if the Government "had notice of an illegal act by [Lins' therapist] and failed to respond." Nonetheless, the court ruled that the complaint's allegations did not support such a conclusion. Thus, the court permitted Lins to file an amended complaint should factual support exist or if Lins wished to assert a negligence claim against his therapist's supervisor.

Turning to the vicarious liability claim, the court found that Lins' therapist was acting outside the scope of her employment. The court concluded that the actions taken by the therapist were "personal" and "served no therapeutic purpose." Thus, the court ruled that the therapist's improper actions were not undertaken within the scope of her

2

employment. While the court noted that Lins might be able to state a claim for negligent hiring/supervision or a claim that the sexual relationship was "instituted for a therapeutic purpose and in misguided furtherance of the employer's business," the court ruled that Lins' complaint did not sufficiently allege these causes of action. Thus, the court ruled that it lacked subject matter jurisdiction over the complaint and dismissed the complaint without prejudice. Lins was given three weeks to amend his complaint and was informed that his failure to do so would result in the case being closed. Instead of filing an amended complaint, Lins appealed.

Although both parties agree that the district court's decision was final and appealable, the parties' positions on this court's jurisdiction are not binding on this court. *See Clark v. Cartledge*, 829 F.3d 303, 305 (4th Cir. 2016) ("[This court] review[s its] own jurisdiction de novo and must raise the issue sua sponte.") (emphasis in original). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). An order dismissing a complaint without prejudice is not an appealable final order if "the plaintiff could save his action by merely amending his complaint." *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993).

"[I]f the grounds of the dismissal make clear that no amendment could cure the defects in the plaintiff's case, the order dismissing the complaint is final in fact and therefore appealable." *Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619, 623 (4th Cir.

2015) (internal quotation marks omitted).[1]  In determining whether a dismissal without prejudice is appealable, we examine the facts of each case. *Id.* at 623-24.  In reaching these case-specific determinations, "[w]hat makes [dismissals without prejudice] final or nonfinal is not the speculative possibility of a new lawsuit, but that they 'end the litigation on the merits and leave nothing for the court to do but execute the judgment.'" *GO Comput., Inc. v. Microsoft Corp.*, 508 F.3d 170, 176 (4th Cir. 2007) (quoting *MDK, Inc. v. Mike's Train House, Inc.*, 27 F.3d 116, 119 (4th Cir. 1994)).

In the past, we have relied upon whether the district court dismissed the action in its entirety or merely the complaint; the former dismissal was more likely to be considered final while the latter was not. *See Chao v. Rivendall Woods, Inc.*, 415 F.3d 342, 345 (4th Cir. 2005).  However, more recently, in *Goode*, we recognized this language in *Chao*, but noted that this distinction was just one way of determining if the district court believed that no amendment could cure the defects in the plaintiff's case. 807 F.3d at 624, 629-30 (noting that there was no indication that the dismissal of the "case" rather than the "complaint" was determinative or even "highly probative" of the order's appealability).  In *Goode*, we explicitly "enshrine[d the] salutary rule" that a dismissal for "failure to plead sufficient facts in the complaint" is an interlocutory order,

---

[1] Contrary to the Government's position, we have held that, although *Domino Sugar* and *Goode* involved Fed. R. Civ. P. 12(b)(6) dismissals for failure to state a claim, the same consideration applies to a dismissal for lack of subject matter jurisdiction.  We have appellate jurisdiction over such an order only if "the filing of an amended complaint could not have solved the . . . jurisdictional problem in the district court." *Blitz v. Napolitano*, 700 F.3d 733, 738 (4th Cir. 2012).

because "the plaintiff could amend the complaint to cure the pleading deficiency." *Id.* at 624.

Moreover, a party's failure to file an amended complaint does not "favor appealability" of the district court's order, as "it is the province of the district court—not of the party seeking an appeal—to indicate that the order is final and appealable." *Goode*, 807 F.3d at 629 (noting that appealing party's decision not to amend and instead to stand on complaint only renders order appealable in unique circumstance, such as where institutional interests of the Executive Branch were involved). While Lins avers that he wishes to "stand on his complaint," his situation is not comparable to *Goode*, and our review of the record does not convince us that amendment would be futile. *See Martin v. Duffy*, 858 F.3d 239, 247-48 (4th Cir. 2017) (stating that, since "district courts have thrice concluded that Martin has been unable to allege sufficient facts to establish a viable claim under the Equal Protection Clause, we find that Martin's pleading deficiency cannot be cured by amendment of his complaint"), *cert. denied*, 138 S. Ct. 730 (2018).

Here, the court explicitly stated that an amendment could cure some of the defects in the complaint, and the court provided Lins two opportunities to amend his complaint. While Lins claims on appeal that he has no further facts to add to his complaint, his allegations ring false as, in district court and in his opening brief on appeal, Lins alleged that the Government was aware of the therapist's actions, without factual support aside from knowledge of an invitation from Lins to his therapist to attend a wedding with him. In fact, in his motion for leave to file a surreply in district court, Lins averred that he had additional facts to support his claims, including testimony from his therapist that the

5

sexual relationship arose from the therapy.[2]  Moreover, the district court suggested that Lins might be able to successfully reframe his causes of action directly against the therapist's supervisors.  Given such statements, the order fails to clearly conclude that no amendment could cure the defects in the complaint.

Accordingly, under *Goode*, the order is not a final, appealable order.  Thus, we dismiss the appeal for lack of jurisdiction and remand with instructions to either provide Lins another opportunity to amend and/or clearly indicate that further amendments would not cure the complaint's defects and that the dismissal is, thus, with prejudice.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED WITH INSTRUCTIONS*

---

[2] Following this motion, the district court granted leave to Lins to file an amended complaint, thus indicating that an amended complaint based on the alleged facts may not have been a futile exercise.

[3] Lins claims on appeal that he cannot allege any further facts in good faith. However, such statements, and the resultant waiver of the rights to bring further claims or allege further facts, should be presented to the district court in the first instance.