**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7076**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

GLENDA KAYE GEORGE,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:16-cr-00019-CCE-3)

Submitted:  October 22, 2020       Decided:  October 26, 2020

Before WYNN, FLOYD, and THACKER, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Glenda Kaye George, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Glenda Kaye George seeks to appeal the district court's orders denying her motions to modify her criminal judgment to run her federal sentence concurrently to her state sentence.[*] This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted).

In her first motion, George asked the district court to modify her sentence based on her rehabilitation and the fact that her family was experiencing a difficult time during her incarceration. In her second motion, George argued that a modification was justified because the sentencing court miscalculated her Sentencing Guidelines range when it failed to consider her anticipated state sentence. And, George claimed, the modification would be in the interests of justice because she is a nonviolent offender with existing medical conditions that heighten her susceptibility to COVID-19. The district court denied both motions, finding that it had no authority to modify George's sentence.

Upon a review of the record, we conclude that George's requests for the district court to consider her rehabilitation, family's struggles, and risk of contracting COVID-19

---

[*] In her notice of appeal, George only cites the district court's April 30, 2020, order; however, it is clear from George's informal brief that she also seeks to appeal the court's June 3, 2020, order. Thus, because it posed no prejudice to the opposing party, we considered both orders on appeal. *See Clark v. Cartledge*, 829 F.3d 303, 305 (4th Cir. 2016).

should have been construed as claims for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *See Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017) ("[C]ourts are obligated to liberally construe pro se complaints, however inartfully pleaded." (brackets and internal quotation marks omitted)). Because the district court did not address these claims under § 3582(c)(1)(A)(i), its orders are neither final nor appealable interlocutory or collateral orders. *See Porter*, 803 F.3d at 696.

Accordingly, we dismiss the appeal for lack of jurisdiction and remand to the district court for consideration of the unresolved claims. We express no view as to the merits of the claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*