**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7563**

DEANDRE JOHNSON,

Petitioner - Appellant,

v.

SUPERINTENDENT RAPPAHANNOCK REGIONAL JAIL; HAROLD W. CLARKE, Director of the Virginia Department of Corrections,

Respondents - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:19-cv-00562-RAJ-LRL)

Submitted: December 22, 2020                    Decided: December 29, 2020

Before NIEMEYER, FLOYD, and RICHARDSON, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Deandre Johnson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deandre Johnson seeks to appeal the district court's order denying his motion for release pending disposition of his 28 U.S.C. § 2254 petition. We are obliged to inquire sua sponte into our own jurisdiction, even if no party disputes it. *Clark v. Cartledge*, 829 F.3d 303, 305 (4th Cir. 2016). The district court has already dismissed Johnson's § 2254 petition without prejudice for failure to exhaust state court remedies, and we have denied a certificate of appealability and dismissed Johnson's appeal of that judgment.[*] Johnson's request for release pending disposition of his petition therefore is now moot. *See Williams v. Ozmint*, 716 F.3d 801, 808-09 (4th Cir. 2013) (discussing mootness). Accordingly, we deny Johnson's motion for a certificate of appealability and dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Insofar as Johnson now attempts to seek reconsideration of our opinion in that separate appeal, his arguments are not properly before us. Insofar as Johnson seeks to argue that intervening events have rendered his habeas claims exhausted, such arguments should be raised, if at all, in the district court in the first instance.