**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1696

DIANNE MICHELE CARTER,

Plaintiff - Appellant,

v.

HAWTHORNE MANAGEMENT COMPANY, INC.,

Defendant - Appellee,

and

CAPITAL ONE; ANITA BOND, IRS Revenue Officer,

Defendants.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:20-cv-00684-FDW-DSC)

Submitted:  December 20, 2022                    Decided:  December 22, 2022

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Dianne Michele Carter, Appellant Pro Se.  Jeffrey Brandt Kuykendal, MCANGUS, GOUDELOCK & COURIE, LLC, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dianne Michele Carter seeks to appeal four of the district court's orders entered in her action filed under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p: (1) the March 23, 2021, dismissal of Carter's claims against two defendants under 28 U.S.C. § 1915(e)(2); (2) the August 3, 2021, dismissal of Carter's amended complaint and denial of her motion for reconsideration of the March 23, 2021, dismissal order; (3) the September 17, 2021, denial of Carter's motion for reconsideration of the August 3 dismissal order; and (4) the June 13, 2022, denial of Carter's "motion to dismiss" the prior three orders, which the district court construed as her third motion for reconsideration. We dismiss in part and affirm in part.

Although Carter's notice of appeal only identifies the district court's June 13, 2022, order denying her third motion for reconsideration, her informal brief also identifies the district court's prior three orders. To the extent that Carter intended to appeal those three orders, the notice of appeal was due no more than 30 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(A), unless the district court extended the appeal period under Fed. R. App. P. 4(a)(5) or reopened the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Furthermore, "an appeal from denial of [Fed. R. Civ. P.] 60(b) relief does not bring up the underlying judgment for review." *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (internal quotation marks omitted).

3

Here, the district court's prior three orders were entered on March 23, August 3, and September 17, 2021, respectively. The informal brief, including a copy of the notice of appeal, was filed on June 24, 2022. *See* Fed. R. App. P. 4(a)(1)(A); *Clark v. Cartledge*, 829 F.3d 303, 305 (4th Cir. 2016) (explaining that pro se filing is functional notice of appeal if it provides adequate notice and does not prejudice opposing party). Because Carter's appeal from the prior three orders is untimely and she did not obtain an extension or reopening of the appeal period, we dismiss this portion of the appeal for lack of jurisdiction.[*]

Carter also seeks to appeal the denial of her third motion for reconsideration filed under Fed. R. Civ. P. 60(b). We review the denial of a motion for reconsideration filed pursuant to Rule 60(b) for abuse of discretion. *Aikens*, 652 F.3d at 501. Having reviewed the record, we conclude that the district court did not abuse its discretion in denying Carter's third motion for reconsideration. Accordingly, we affirm the district court's order denying that motion.

We therefore affirm the district court's order denying Carter's third motion for reconsideration, and dismiss Carter's appeal of the district court's prior orders. We dispense with oral argument because the facts and legal contentions are adequately

---

[*] Moreover, Carter previously appealed the district court's August 3 and September 17, 2021, orders and therefore an appeal from these orders is duplicative.

4

presented in the materials before this court and argument would not aid the decisional

process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*