**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-2308**

———————

JOHNATHAN S. HENSLEY, on behalf of himself and others similarly situated,

Plaintiff - Appellant,

HEATHER NICOLE DURHAM,

Appellant,

v.

CITY OF CHARLOTTE, a North Carolina municipal corporation,

Defendant - Appellee.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Kenneth D. Bell, District Judge. (3:20-cv-00482-KDB-DSC)

———————

Submitted: November 22, 2022                    Decided: February 14, 2023

———————

Before AGEE and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Vacated and remanded by unpublished opinion. Judge Harris wrote the opinion, in which Judge Agee and Senior Judge Traxler joined.

———————

**ON BRIEF:** John F. Bloss, Frederick L. Berry, HIGGINS BENJAMIN, PLLC, Greensboro, North Carolina; J. David Stradley, Robert P. Holmes, IV, WHITE & STRADLEY, PLLC, Raleigh, North Carolina, for Appellants. Steven A. Bader, Raleigh, North Carolina, Patrick H. Flanagan, Stephanie H. Webster, CRANFILL SUMNER LLP, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

USCA4 Appeal: 21-2308    Doc: 28    Filed: 02/14/2023    Pg: 2 of 7

PAMELA HARRIS, Circuit Judge:

The plaintiff in this case, Johnathan Hensley, sued the City of Charlotte, North Carolina, for alleged violations of the Driver's Privacy Protection Act of 1994. The district court granted the City's motion for judgment on the pleadings, and Hensley now appeals. Because the district court ruled on the merits of Hensley's claims without first resolving the City's jurisdictional challenge, we vacate the district court's judgment and remand for further proceedings.

Johnathan Hensley, on behalf of himself and a putative class of similarly situated plaintiffs, brought this action against the City of Charlotte, alleging that the City routinely violated the Driver's Privacy Protection Act of 1994 (the "DPPA"), 18 U.S.C. §§ 2721 *et seq.* According to Hensley, the City knowingly disclosed to the public personal information from motor vehicle records – specifically, accident reports – used by personal injury lawyers to solicit motorists involved in accidents. *See* 18 U.S.C. § 2721(a) (generally prohibiting disclosure of personal information obtained in connection with motor vehicle records). That information was disclosed, Hensley alleged, in two ways: through a City contract with the LexisNexis website, and over the counter at the police department records division. After the City made his own accident report available to the public, Hensley claims, he himself received targeted mail solicitations from personal injury lawyers.

The City moved to dismiss Hensley's complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure and, in the alternative, for judgment on the pleadings under Rule 12(c). *See* Fed. R. Civ. P. 12(b)(1), 12(c). The City's first argument was that Hensley

3

lacked Article III standing to pursue his claims, depriving the district court of subject matter jurisdiction and requiring dismissal under Rule 12(b)(1).  Hensley could establish Article III standing, the City explained, only if the injury he claimed to suffer – the receipt of mail solicitations – could be linked causally to the City's allegedly unlawful disclosures.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (requiring that injury be "fairly traceable to the challenged action of the defendant" (cleaned up)).  And here, the City contended, Hensley had not alleged and could not establish that any solicitation he received was based on an accident report improperly disclosed by the City.

The City went on to argue, in the alternative, that it could not be held liable because the DPPA excludes states and their agencies from the definition of "person[s]" subject to suit, *see* 18 U.S.C. § 2725(2), and the City qualifies as an agency of the State of North Carolina.  Finally, the City raised what appears to be a merits argument closely related to its standing argument, claiming that Hensley could not prevail because he had not alleged that he received a solicitation as a result of the City's release of DPPA-protected information.

The district court denied the City's motion to dismiss but granted its motion for judgment on the pleadings under Rule 12(c).  *Hensley v. City of Charlotte*, No. 3:20-cv-00482, 2021 WL 3432885, at *5 (W.D.N.C. Aug. 5, 2021).  Hensley, the district court found, had failed to plausibly allege that he was "the victim of a wrongful disclosure of his personal information," as required to make out a claim under the DPPA.  *Id.* at *1.  The court had previously ruled, it explained, that the City's disclosure of accident reports to the LexisNexis website did not violate the DPPA, given the terms under which the information

4

was shared. *Id.* at \*4 (citing *Gaston v. LexisNexis Risk Sols., Inc.*, 483 F.Supp.3d 318, 348 (W.D.N.C. 2020)). That left potential disclosures of Hensley's accident report over the counter at the records division, and here, the court concluded, Hensley could not state a claim under the DPPA: There was no way to establish which accident reports actually were viewed by the public at that location, and Hensley had not alleged that he ever received a solicitation based on a physical disclosure at the records division. *Id.* The City was therefore entitled to judgment in its favor on Hensley's claims. *Id.*

Given that ruling, the court continued, it was unnecessary to reach the City's alternative arguments. In particular, the court found that it "need not and does not reach the City's jurisdictional challenge" to Hensley's complaint. *Id.* at \*5. The City's Article III standing argument, focused on causation and traceability, was "similar to its argument in support of its motion for judgment on the pleadings." *Id.* But a court may go beyond the pleadings in ruling on a 12(b)(1) motion to dismiss, the court explained, so that resolving the Article III standing issue might require analysis of additional evidence. *Id.* (citing *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 506–07 (4th Cir. 2015)). Because the plaintiff in any event could not establish a viable DPPA claim, the court "decline[d] to decide" the City's more complex jurisdictional challenge and denied its motion to dismiss without prejudice. *Id.*

We appreciate the district court's efforts to resolve this case as efficiently as possible, without engaging in unnecessary back-and-forth on evidentiary questions. *See id.* But that route to decision – bypassing a complicated jurisdictional question in favor of a more readily resolved merits ruling – is foreclosed by *Steel Co. v. Citizens for a Better*

5

*Environment*, 523 U.S. 83 (1998). That case establishes that a federal court's subject matter jurisdiction is a threshold question that always must be addressed before passing on the merits of a case, even where the merits question is more straightforward. *Id.* at 93–102 (rejecting doctrine of "hypothetical jurisdiction"). Article III jurisdiction – including the "irreducible" requirement of Article III standing, *Lujan*, 504 U.S. at 560 – is a restriction on a federal court's power to adjudicate a case. *See B.R. v. F.C.S.B.*, 17 F.4th 485, 492 (4th Cir. 2021). It follows, *Steel Co.* teaches, that it is incumbent on a court to evaluate its jurisdiction at the outset, lest it inadvertently breach the "bounds of authorized judicial action." 523 U.S. at 94. And if jurisdiction is lacking, "the court cannot proceed at all in any cause"; the "only function remaining to the court is that of announcing" the absence of jurisdiction "and dismissing the cause." *Id.*; *see B.R.*, 17 F.4th at 492–93 (discussing *Steel Co.*).

The district court's decision cannot be reconciled with this "fundamental" rule. *See B.R.*, 17 F.4th at 492. The City put its jurisdictional argument front and center, arguing for dismissal under Rule 12(b)(1) for want of Article III standing. But instead of addressing that argument, the district court "proceed[ed]" to the merits, granting judgment to the City on Hensley's claims – despite the fact that if the City is right, there was no Article III jurisdiction to do anything but "dismiss[] the cause" under Rule 12(b)(1). *Cf. Steel Co.*, 523 U.S. at 94.[*] And although neither party has addressed this problem on appeal, that of

---

[*] A district court does have "leeway" to dismiss a case on certain "threshold" nonmerits grounds without first determining subject matter jurisdiction. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431–32 (2007) (holding that court may
(Continued)

6

course is not dispositive; we, like the district court, are obliged to satisfy ourselves of Article III jurisdiction even if no party raises the issue. *See Clark v. Cartledge*, 829 F.3d 303, 305 (4th Cir. 2016) (recognizing obligation to consider jurisdictional issues sua sponte).

Accordingly, we vacate the judgment of the district court and remand so that the district court may address the issue of Hensley's Article III standing and determine, as a threshold matter, whether it has subject matter jurisdiction over this case.

*VACATED AND REMANDED*

---

dismiss on *forum non conveniens* grounds without first deciding whether there is an Article III case or controversy). But the district court's grant of judgment under Rule 12(c) for failure to make out a viable DPPA claim is not a "threshold" dismissal on nonmerits grounds; instead, it is an adjudication of Hensley's action against the City. *Cf. id.* at 431 ("Dismissal short of reaching the merits means that the court will not proceed at all to an adjudication of the cause." (internal quotation marks omitted)).

7