**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-7250**

_____

ELIA T. WATKINS,

        Plaintiff - Appellant,

    v.

NURSE FRANCISCO DERVONA, The Spring Grove Administration in charge of nursing; DR. ALAM, Spring Grove's CEO; DR. PATEL, Medical Doctor and the nursing dept. who continued to send Mr. Dervona over to Smith-East,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Stephanie A. Gallagher, District Judge.  (1:23-cv-02536-SAG)

_____

Submitted:  April 18, 2024                           Decided:  April 22, 2024

_____

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Elia T. Watkins, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elia T. Watkins appeals the district court's orders dismissing his 42 U.S.C. § 1983 complaint without prejudice as duplicative* and denying his motion to reopen. We affirm.

As a threshold matter, we are required to inquire into our own jurisdiction, even if the parties do not dispute it. *Clark v. Cartledge*, 829 F.3d 303, 305 (4th Cir. 2016). In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

"'[I]f a post-judgment motion is [timely] filed . . . and calls into question the correctness of that judgment it should be treated as a motion under [Fed. R. Civ. P.] 59(e), however it may be formally styled.'" *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (quoting *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The timely filing of a Rule 59(e) motion tolls the appeal period until the motion is resolved. Fed. R. App. P. 4(a)(4)(A).

The district court entered its dismissal order on October 10, 2023. Watkins filed the motion to reopen, requesting that the court reconsider the dismissal, on October 30, 2023.

---

* The dismissal order is final and appealable because the district court did not grant leave to amend. *Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (en banc) (order).

Thus, we construe Watkins' motion to reopen as a timely filed Rule 59(e) motion. Because Watkins timely appealed the district court's denial of that motion, we have jurisdiction over this appeal.

Having established we have jurisdiction to review the district court's orders, we confine our review to the issues raised in the informal brief. *See* 4th Cir. R. 34(b). Because Watkins' informal brief does not challenge the basis for the district court's disposition, he has forfeited appellate review of the court's order. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*