**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-7231

DONALD CARL STOUT,

Plaintiff - Appellant,

v.

PRESTON COUNTY SHERIFF'S DEPARTMENT; SHERIFF DANIEL LOUGHRIE; DEPUTY RANDY STOCKETT; OFFICER OKAN, K-9 Dog,

Defendants - Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Thomas S. Kleeh, Chief District Judge. (1:19-cv-00123-TSK)

Submitted: May 27, 2022                          Decided: June 14, 2022

Before NIEMEYER and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Donald Carl Stout, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Carl Stout seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing Stout's 42 U.S.C. § 1983 complaint. Parties to a civil action are accorded 30 days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). But the district court may extend the time to file a notice of appeal if a party moves for an extension of the appeal period within 30 days after expiration of the original appeal period and demonstrates excusable neglect or good cause to warrant an extension. Fed. R. App. P. 4(a)(5). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered the judgment on March 31, 2021. The 30-day appeal period set by Fed. R. App. P. 4(a)(1)(A) expired on April 30, 2021, and the subsequent 30-day period to file a motion for an extension of time pursuant to Fed. R. App. P. 4(a)(5) expired on June 1, 2021. This court received Stout's misrouted notice of appeal dated August 2, 2021, which suggests that Stout's appeal was untimely. However, on April 5, 2021, Stout submitted a letter to the district court in which he notified the court of his change of address, expressed an interest in appealing, requested de novo review, and requested that his letter serve as a motion if necessary. It is unclear whether Stout intended for this letter to serve as a notice of appeal, a motion for an extension of time to file a notice of appeal, or a motion for reconsideration of the district court's order. *See generally Clark v. Cartledge*, 829 F.3d 303, 305-07 (4th Cir. 2016) (discussing deference afforded to pro se pleadings evincing an intent to appeal).

2

Accordingly, we remand the case for the limited purpose of allowing the district court to determine whether Stout timely noted an appeal under Fed. R. App. P. 4(a). The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*