**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-6079**

ALUCIOUS WILLIAMS, JR.,

       Plaintiff - Appellant,

    v.

DENISE JACKSON; PRESCOTT WILLIAMS; CORRECTIONAL OFFICER WILLIAMS; NURSE JANE DOE; CASE MANAGER WALLACE; CORRECTIONAL OFFICER MORRIS,

       Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:22-ct-03190-M-RJ).

Submitted:  October 8, 2024               Decided:  December 31, 2024

Before KING, AGEE, and BENJAMIN, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Alucious Williams, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alucious Williams, Jr., appeals two of the district court's orders filed in his 42 U.S.C. § 1983 civil rights action. First, Williams seeks to appeal the court's November 30, 2022, order dismissing his action for failure to prosecute. Because the court subsequently reopened the case on Williams's motion, we dismiss this portion of the appeal as moot. *See Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (explaining that "[a] case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome" (internal quotation marks omitted)).

Next, although Williams's notice of appeal identified only the November 30 order, his informal brief challenges the district court's May 1, 2023, final dismissal order, in which the court dismissed the action pursuant to 28 U.S.C. § 1915A for, inter alia, failure to state a claim. Williams's informal brief was filed on May 16, 2023—within 30 days of the court's final dismissal order—and evinces his intent to appeal that order. We therefore construe his informal brief as a timely notice of appeal of the court's May 1 dismissal order. *See Clark v. Cartledge*, 829 F.3d 303, 305 (4th Cir. 2016) (explaining that pro se filing is functional notice of appeal if it provides adequate notice and does not prejudice opposing party).

We review de novo the dismissal of a claim or action for failure to state a claim under § 1915A, "applying the same standards as those for reviewing a dismissal under Fed. R. Civ. P. 12(b)(6)." *De'Lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013). "To survive a motion to dismiss under that rule, a complaint must contain sufficient factual

2

matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

Confining our review to the issues raised in the informal brief, *see* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014), we have reviewed the record and discern no reversible error. Accordingly, we affirm the district court's order dismissing Williams's amended complaint. *Williams v. Jackson*, No. 5:22-ct-03190-M-RJ (E.D.N.C. May 1, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3