UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

CURTIS W. HATTON,

*Plaintiff-Appellant,*

v.

THOMASVILLE FURNITURE INDUSTRIES,
INCORPORATED,

*Defendant-Appellee.*

No. 00-1455

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CA-98-874-1)

Submitted: December 29, 2000

Decided: January 23, 2001

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Walter T. Johnson, Jr., Greensboro, North Carolina, for Appellant.
Charles A. Edwards, WOMBLE, CARLYLE, SANDRIDGE & RICE,
P.L.L.C., Raleigh, North Carolina; Richard L. Rainey, WOMBLE,
CARLYLE, SANDRIDGE & RICE, P.L.L.C., Charlotte, North Caro-
lina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Curtis W. Hatton filed suit against his former employer, Thomasville Furniture Industries, Inc., ("Employer") alleging unlawful termination on account of his race in violation of Title VII of the Civil Rights Act of 1964.[1] Hatton now appeals the district court's grant of summary judgment to Employer on the ground that even assuming Hatton had established a prima facie case of discrimination, he failed to introduce sufficient evidence to create a genuine issue of material fact that Employer's articulated reasons for its actions were a pretext designed to conceal an unlawful discriminatory motive. We affirm.

This Court reviews a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This court must view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

To establish a prima facie case of racial discrimination, Hatton must show that (1) he is a member of a protected class, (2) he was performing satisfactorily, and (3) he suffered adverse employment action, (4) under circumstances giving rise to an inference of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 455 (4th Cir. 1989). If Hatton establishes a prima facie case, the burden shifts to Employer to give legitimate non-discriminatory reasons for the adverse treatment. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S.

---

[1] Hatton does not dispute on appeal the district court's resolution of his state law claims.

248, 254 (1981). If the Employer comes forward with legitimate reasons for the adverse treatment, then Hatton must show that its decision to terminate him was false and thus evidence of intentional discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S. Ct. 2097, 2109 (2000).

We have reviewed the district court's opinion and the materials submitted by the parties, and find no reversible error. Accordingly, we affirm on the reasoning of the district court. *Hatton v. Thomasville Furn., Indus.*, No. CA-98-874-1 (M.D.N.C. Mar. 9, 2000).[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]Because Hatton did not amend his notice of appeal after the district court's denial of his motion for reconsideration, the issues raised in his motion for reconsideration are not before the Court. Fed. R. App. P. 4(a)(4)(B)(ii); *United States v. McGlory*, 202 F.3d 664, 668 (3d Cir. 2000).