**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-6305**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARLENE ANDERSON GOFORTH,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., Chief District Judge. (1:03-cr-00458-JAB; 1:05-cv-01155-JAB)

———————

Submitted: August 8, 2007          Decided: August 21, 2007

———————

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Darlene Anderson Goforth, Appellant Pro Se. Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darlene Anderson Goforth seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying relief on her 28 U.S.C. § 2255 (2000) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on July 21, 2006. Goforth subsequently filed a "Request For Reconsideration Of Judgment And Certificate Of Appealability" that was entered on the district court's docket as both a motion for reconsideration and a notice of appeal. Though Goforth's "Request For Reconsideration" was properly construed as the functional equivalent of a notice of appeal, see Smith v. Barry, 502 U.S. 244, 248-49 (1992), we nevertheless conclude that it was untimely as it

was filed on January 16, 2007,[*] and Goforth failed to timely obtain an extension or reopening of the appeal period. Accordingly, we dismiss the appeal.

Additionally, we construe Goforth's "Request For Reconsideration" and informal brief as an application to file a successive § 2255 motion. See Jones v. Braxton, 392 F.3d 683, 689-90 (4th Cir. 2004); United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review, or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. § 2255. Goforth's claims do not satisfy either of these conditions. Therefore, we decline to authorize a successive § 2255 motion. Additionally, we deny Goforth's motion for a certificate of appealability.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

- 3 -