# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-6886**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LARRY D. HILL, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. W. Earl Britt, Senior District Judge. (4:13-cr-00028-BR-1; 4:17-cv-00019-BR)

Submitted: November 30, 2017               Decided: December 13, 2017

Before KING, AGEE, and WYNN, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Larry D. Hill, Jr., Appellant Pro Se. Joshua Bryan Royster, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry D. Hill, Jr., appeals the district court's decision granting the Government's motion to release funds from Hill's inmate trust account to satisfy his restitution obligation, pursuant to 18 U.S.C. § 3664(n) (2012), and the court's order denying Hill's motion for reconsideration.[1] Hill also seeks to appeal the district court's dismissal of his Fed. R. Civ. P. 60(d) motion as an unauthorized, successive 28 U.S.C. § 2255 (2012) motion. We affirm in part and dismiss in part.

With respect to the district court's decisions concerning the release of funds from Hill's inmate trust account, we have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *United States v. Hill*, No. 4:13-cr-00028-BR-1 (E.D.N.C. May 24, 2017; July 11, 2017).

As for the district court's dismissal of Hill's Rule 60(d) motion, we observe that the district court granted the Government's motion to release funds and dismissed Hill's Rule 60(d) motion in the same May 24, 2017, order. Hill's notice of appeal from that order designated only the court's decision to grant the Government's motion to release funds. Accordingly, we conclude that the notice of appeal did not confer jurisdiction on this court to review the district court's dismissal of Hill's Rule 60(d) motion. *See* Fed. R. App. P. 3(c)(1)(B); *Jackson v. Lightsey*, 775 F.3d 170, 175-76 (4th Cir. 2014).

---

[1] Hill did not file a new or amended notice of appeal from the district court's order denying his motion for reconsideration. However, Hill's informal brief may serve as the functional equivalent of a notice of appeal from the reconsideration order. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992).

Although Hill has filed a motion to amend his notice of appeal in this court, which might serve as the functional equivalent of a notice of appeal, *see Smith* 502 U.S. at 248-49, Hill did not file the motion until August 10, 2017,[2] after the 60-day appeal period expired. *See* Fed. R. App. P. 4(a)(1)(B). Moreover, Hill did not obtain an extension or reopening of the appeal period. *See* Fed. R. App. P. 4(a)(5), (6). Because "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," *Bowles v. Russell*, 551 U.S. 205, 214 (2007), we lack jurisdiction to review the district court's dismissal of Hill's Rule 60(d) motion.

For these reasons, we affirm the district court's decision granting the Government's motion to release funds and the court's order denying Hill's motion for reconsideration. We dismiss Hill's appeal from the district court's dismissal of his Rule 60(d) motion and deny Hill's motions to amend his notice of appeal and to compel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*

---

[2] For the purpose of this appeal, we assume that the date appearing on the motion is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).