**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-2213

RONALD SATISH EMRIT, Presidential Candidate Number P60005535 & Presidential Committee/Polical Action Committee/Separate Secrated Fund Number C00569897,

Plaintiff - Appellant,

v.

GOVERNOR WES MOORE, D-Maryland; AISHA BRAVEBOY, Prince George's County Executive; CONGRESSMAN JAMIE RASKIN, D-Maryland; SENATOR ANGELA ALSOBROOKS, D-Maryland; SENATOR CHRIS VAN HOLLEN, D-Maryland; ATTORNEY GENERAL ANTHONY BROWN,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:25-cv-02674-PX)

Submitted:  March 12, 2026                    Decided:  March 17, 2026

Before WILKINSON and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Ronald Satish Emrit, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Satish Emrit seeks to appeal an order entered by the district court for the Middle District of Pennsylvania accepting the recommendation of the magistrate judge and transferring Emrit's case to the District of Maryland.  We dismiss the appeal for lack of jurisdiction because the order was neither a final order nor an appealable interlocutory or collateral order, and the notice of appeal was not otherwise timely filed.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949).  The district court's venue transfer order is neither a final order nor an appealable interlocutory or collateral order.  *See In re Carefirst of Md., Inc.*, 305 F.3d 253, 256, 262 (4th Cir. 2002).

Even if the transfer order was appealable, Emrit failed to file a timely notice of appeal.  When the United States or its officer or agency is a party in a civil case, a notice of appeal must be filed no more than 60 days after the entry of the appealable order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."  *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  The district court entered its order on August 8, 2025, and the appeal

period expired on October 7, 2025. Emrit did not file the notice of appeal until October 8, 2025, and did not obtain an extension or reopening of the appeal period.[*]

Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Although Emrit also filed a notice of appeal after the magistrate judge filed her report but before the district court had entered an order, this notice of appeal was also not from a final or appealable interlocutory order and cannot serve as basis for an appeal from the district court's later-filed order. *See Wall Guy, Inc. v. FDIC*, 95 F.4th 862, 869 (4th Cir. 2024) (noting that "[Fed. R. App. P. 4(a)(2)] does not afford relation forward for a notice of appeal that is filed *before* the court announces the decision that the would-be appellant later seeks to challenge" (citation modified)).